# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12-cv-685-FDW
## (3:11-cr-205-FDW-1)

| | |
|---|---|
| TERESA MARIBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

Petitioner Teresa Marible moves to vacate her conviction and sentence under 28 U.S.C. § 2255, arguing, in part, that her trial counsel, Chiege O. Kalu Okwara, failed to file a notice of appeal of this Court's judgment, notwithstanding Petitioner's request that she do so. Respondent filed a Response on May 9, 2013. (Doc. No. 3). Respondent concedes in the Response that this Court should grant Petitioner's motion to vacate, in part; enter an amended judgment permitting Petitioner to file a timely notice of appeal; and dismiss Petitioner's remaining claims without prejudice.

**I.    BACKGROUND**

Petitioner appeared before Magistrate Judge David Keesler on May July 27, 2011, and pled guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, as charged in a Bill of Information filed on July 7, 2011. See (Criminal Case. No. 3:11cr205, Doc.

-1-

No. 18: Judgment). As part of the plea agreement, Petitioner waived indictment by a grand jury and agreed to enter a plea of guilty to the offense charged in the Information. See (Id., Doc. No. 3: Plea Agreement). On June 19, 2012, this Court conducted Petitioner's sentencing hearing. Judgment was entered on July 2, 2012, wherein Petitioner was sentenced to 36 months' imprisonment, followed by two years' supervised release, and ordered to pay restitution. See (Id., Doc. No. 18: Judgment). On July 16, 2012, an Amended Judgment was entered to correct a typographical error. See (Id., Doc. No. 20: Amended Judgment).

On October 17, 2012, Petitioner filed the instant motion to vacate, set aside, or correct her sentence asserting a number of claims of ineffective assistance of counsel, including that counsel failed to file an appeal on Petitioner's behalf subsequent to her request to do so. (Doc. No. 1 at 3-4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, Petitioner alleges that three days after sentencing she instructed her attorney to file an appeal on her behalf and that counsel refused because Petitioner had waived her right to appeal. (Doc. No. 1 at 4). Where a defendant unequivocally instructs an attorney to file a timely

notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact. See Poindexter, 492 F.3d at 273. If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied. See id.

In its Response to Petitioner's motion to vacate, the Government asserts that even if it were to file a response supported by an affidavit in which Petitioner's former attorney denies that Petitioner requested that the attorney file an appeal, at a minimum a factual dispute would still exist over whether Petitioner requested counsel to file a direct appeal. Respondent contends, therefore, that the appropriate remedy is for the Court to vacate the original judgment and enter a new judgment from which an appeal may be taken. Respondent contends, additionally, that Petitioner's remaining claims should be dismissed without prejudice to her right to file another Section 2255 motion, if necessary, after a direct appeal. See United States v. Killian, 22 Fed. App'x 300, 301 (4th Cir. 2011) ("Because [Petitioner] has never had a direct appeal, . . . taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate.").

The Court agrees with Respondent that the Court's resources would best be served by granting the motion to vacate to the extent that Petitioner brings a claim for ineffective assistance

of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed counsel to do so. The Court will, therefore, vacate the original judgment and enter a new judgment from which an appeal may be taken, and the Court will dismiss Petitioner's remaining claims without prejudice.

Petitioner is hereby advised that she has the right to appeal her criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, she must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. FED. R. APP. P. 4(b)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate with respect to her claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf. The Court will amend the judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. The Court dismisses without prejudice the remaining claims in the petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion to vacate, (Doc. No. 1), is **GRANTED** as to Petitioner's claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf.

2. The Court shall amend the judgment consistent with this Order, so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

3. Petitioner's remaining claims are dismissed without prejudice to Petitioner to refile the petition after the Fourth Circuit has adjudicated Petitioner's claims on appeal.

4. The Clerk of this Court is instructed to terminate this matter.

Signed: May 14, 2013

Frank D. Whitney
United States District Judge